The Lessor of the Pits. Title.
Thomas Wilkinson obtained a Pat. dat. June 8. 1662 for 6000 acres of Land formerly granted to him by Patent June 10. 1658. Part of which Land he sells & by his Will Apr. 25. 1688. devises the Rest to his Wife Ann & Daughter Eliz. and if his Daughter died before 14. then all to his Wife in Fee The Dau’r died before 14. After whose Death the Wife (then Ann Goodall) by Deed Aug. 29. — gives the Premises devised to her to her Son-in-Law W’m Thomas & Hannah his Wife her only Daughter & their Heirs
Thomas & Ux’r by Deed Oct. 26. 1692. sell to Wm. Fitzhugh the Father of the Lessor of the Pit. who devised the same to him And he & his Father have been in Possession ever since At least above 20 Years it appears by the Depcons before the bringing this Suit There is no Title found for the Deft. And his first clearing upon our Land was about 15 Years before this Suit.
The Objection to this Title is that Thomas & his Wife were [169] Jointenants and she was not privately examined upon passing the Deed to Fitzhugh So it was merely the Deed of the Husband And he alone could not make a good Title Not even for a Moiety but the Wife after his Death might enter into the whole for they took by Entierties 1. Inst. 187. 188. 299. b. 351. a. 326. a.
It must be owned our Title does not appear indefeazable Yet I conceive our Possession above 40 Years under the Grant from Thomas & his Wife is a good Title to maintain an Ejectm’t
If the Husband survived we have an undoubted indefeazable Title for he being Jointenant with his Wife would have the whole by Survivorship We have his whole Right and he or his Heirs can never claim ag’t his Deed Now as at this Distance of Time it can’t be proved whether he or his Wife died first it ought to be presumed that his Wife did in Favour of so long a Possession *B181 for a continued & quiet Possession is a violent Presumption of a Title And that in the Law is taken for a full Proof 1. Inst. 6. b. But further this Possession would bar even the Wife & her Heirs (admitting she survived) in an Ejecm’t unless she or they were under some Incapacity 20 years Possession is a good Title in Ejectment The Reason is that by the Act of Limitation a Man is barr’d of his Entry after 20 Years And therefore so long a Possession is compared to a Descent that takes away an Entry 2. Sal. 421. Stokes ag’t Berry. Vide Armistead & Newton ante 163.
Our Title then may possibly be indefeazable and is undoubtedly a good Title ag’t all but the Heirs of the Wife especially ag’t the Deft, who ent’red without any Title at all It appears the first Entry (or rather Trespass) of the Deft, was but about 15 Years ago & that only by clearing some Land And there is no Title or Pretence of Title set up in the Deft. If this Clearing a little Ground within our Bounds is adjudged a Disseisin a Man in this Country will hardly know when he is in Possession of Land I conceive the Deft, can be regarded only as a Trespassor & then surely our Possession is a good Title ag’t him But if this is looked upon as an Ouster of us yet we had a prior Possession And that alone is a good Title ag’t one entring without any Title at all Vaugh. 299. Craw & Ramsey. 2. Saund. 112.
It seemed to be agreed in the Case of Woodford & Corbin that if it appeared in the Verdict Woodford had had Possession of the Land in his Pat. (tho’ not of the Spot in Controversy) he had a good Title And the Deft, was but a Trespassor And because his Possession did not appear upon the Verdict Judgm’t was ag’t him. Now as our Possession is sound I hope Judgment will be for us.
This Cause was agreed by the Parties.